OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable Charles E. Baughman, Chief Clerk
Department of Agriculture
Austin, Texas

Dear Sir:
Opinion No. 0-3565
Re:  Duration of appropriation made
in House Bill 345, 47th Legis-
lature.

Your letter of May 20, 1941, submits for the opini
of this department the question of the duration of the emer-
gency appropriation made by House Bill 345, 47th Legislature

Specifically, you ask whether your department is
authorized under the terms of the Act to continue employment
of inspectors, under the Act referred to, for a period of fi
months from and after May 12, 1941, the effective date of th
Act.

The caption of House Bill 345 provides in part as
follows:

"An Act making an emergency appropriation
for the remaining portion of the fiscal year end-
ing August 31, 1941. . . ."

The body of the Act appropriates the sum of Six Th
sand Nine Hundred Dollars ($6,900.00), allocated as follows:

"Salaries for three (3) road
station quarantine inspectors, 5 months
@ $150 per month each                    $ 2,250.00
"Salaries for two (2) quarantine
inspectors for grove inspection work,
5 months @ $150 per month each              1,500.00
"Salaries for eleven (11) cer-
tificate agents to issue releases on
citrus fruit moving out of the regu-
lated area so as to make such citrus
shipments eligible for interstate and
intrastate trade, 2 months @ $75 per
month each                                  1,650.00

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Salaries for two (2) floral inspectors
for 5 months @ $150 per month each          $ 1,500.00"

The body of the Act, it will be observed, is silent upon the question of whether the appropriations made therein are to be available for expenditure after the expiration of the fiscal year ending August 31, 1941.

The Act was passed as an emergency measure, effective on May 12, 1941. It appears from the certificate appende by the Chief Clerk of the House that the Act was passed by tl House on March 20, 1941; and it appears from the certificate of the Secretary of the Senate that the Act was passed by the Senate on April 30, 1941.

Obviously, at the time the Act was introduced, it was thought that the same would be passed and in effect before April 1, 1941, leaving five full months before the expiration of the fiscal year. Evidently no change was made i the body of the Act to adjust the appropriations made therein to the period of time remaining in the fiscal year after the Act was finally passed and made effective.

Regardless of the foregoing, however, since the title of the Act gives notice specifically that the appropriation is to be made for the remaining portion of the fiscal year ending August 31, 1941, the Act can not be given a construction which will render the appropriations made therein available for expenditure after August 31, 1941, without rendering the entire Act unconstitutional as violative of Articl III, Section 35, of the Texas Constitution.

Construing the body of the Act in connection with the title thereof, you are advised that we are of the opinion that the appropriations made in House Bill 345 will not be available for expenditure after August 31, 1941--in other words, that under the provisions of this Act your department will not be authorized to continue employment of inspectors, on the basis of the appropriations made in House Bill 345, beyond August 31, 1941.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Richard W. Fairchild
Assistant

APPROVED JUN 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY

RWF:mp